*Municipal Court of the City of Boston*
No. 145069

**BRICK M. BOEHNKE, d/b/a**

**v.**

**C. H. BABB COMPANY, INC.**

Argued: May 12, 1967   Decided: May 17, 1967

*Present:*   Adlow, C.J., Gillen, Morrissey, J.J.
Case tried to *Foster, J.* in the Municipal Court of the
City of Boston     No. 145069

*Adlow, C. J.*   Action of contract to recover the purchase-price of a cookie machine for which a deposit of $500 had been paid. On February 10, 1965, the defendant ordered the cookie machine from the plaintiff for a purchase-price of $4,875.00. One of the provisions of the purchase order was that the machine would be "delivered and installed and instructor supplied".

*There was evidence that:* The plaintiff was an importer of bakery machinery from Germany; that the defendant was a jobber in the selling of equipment to bakers; that a customer of the defendant was interested in a cookie machine manufactured in Germany and sold by the plaintiff in the United States and that said customer had paid to the defendant $1,000 as a deposit, and thereupon the defendant ordered the machine from the plaintiff. When the machine reached the United States the plaintiff was required to pay the purchase-price of the machine to the manufacturer before he could obtain delivery. Under these circumstances the plaintiff demanded from the defendant a further deposit of $1,000 before delivery of the machine would be made in Boston. The defendant refused to comply with this request. The machine was never delivered. In this action the plaintiff seeks to recover the balance of the purchase-price and the defendant in an action of set-off seeks to recover the $500 deposit. The court found for the defendant in the principal action and for the plaintiff in setoff in the claim for a return of the deposit. The plaintiff, being aggrieved, brings this report.

There was no error. At the request of the plaintiff the court properly ruled that the written order of the defendant was accepted and constituted a contract to buy the machine. Having so ruled the finding of the court was sus-

tained by the facts. The express terms of the order required that the cookie machine be ''delivered, and installed, and instructor supplied''. None of these conditions were met by the seller. The parties in their dealings are governed by the terms expressed in the written order. Aside from the five-hundred dollar deposit which accompanied the order and was specified as part of the purchase-price, there was no further obligation to pay by the defendant until the machine had been delivered, set up, and an instructor supplied.

Under [the Uniform Commercial Code] c. 106, § 2-301, ''The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract.'' This the seller has failed to do. Instead he solicited a new arrangement involving an additional deposit before delivery. Such refusal by the defendant did not constitute a breach of the contract by the defendant.

We are not impressed by the argument of the plaintiff that he was obligated to pay for the machine when it arrived in the United States, or by the additional fact that the defendant had received a one thousand dollar deposit from its customer. These considerations are strictly *res inter alios* and have no material bearing on the dealings between the plaintiff and defendant. Never having delivered the cookie machine the right to recover the balance of the purchase-price had never accrued, and

there could be no recovery. The plaintiff having failed to perform, the defendant became entitled to a return of the deposit given at the time the contract of sale was made. **Report dismissed.**

DAVID D. DEETLER
  of Boston for the Plaintiff
POFCHER DISCIULLO
  of Roslindale for the Defendant